IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| EDWARD RYAN, | ) | CIVIL ACTION NO.:  3:16-cv-00161-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Edward Ryan, by and through his undersigned counsel, hereby sues the Defendant, the United States of America ("United States"), and sets forth as grounds to the Complaint the following:

**THE PARTIES**

1.    Plaintiff is a U.S. Citizen and resides in Lexington County, South Carolina.

2.    United States is the Defendant per 28 U.S.C. §1346(b) and 38 U.S.C. § 7316, 28 U.S.C. § 2671 as it delivers medical services to active and retired military personnel via its Department of Veterans Affairs ("VA") at William Jennings Bryan Dorn VA Medical Center in Columbia, South Carolina ("Dorn VA Medical Center").

3.    United States is the proper Party-Defendant as this is an action pursuant to the Federal Tort Claims Act ("FTCA") seeking money damages for personal injury caused by the negligent or wrongful acts and omissions of one or more federal government employees while acting within the scope of their federal employment.  28 U.S.C. §§ 1346(b), 1402, 2401(b), 2402, 2671-2680 (collectively, the "FTCA").  Specifically, Plaintiff's allegations of negligence herein are against federal employees, who were employed by and through the VA, a "federal agency" as defined in the FTCA.  28 U.S.C. § 2671.

- 1 -

## JURISDICTION AND VENUE

4.     This action is brought against the United States pursuant to the FTCA for the acts and omissions by its agents and/or employees arising out of medical services delivered to Plaintiff while a patient of Dorn VA Medical Center in Columbia, South Carolina.  This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1346(b).

5.     Specific participants in the matter herein of this suit were employees of the government or acting on behalf of a federal agency in an official capacity, temporarily or permanently, with or without compensation as specified in 28 U.S.C. §§ 1346(b)(1), 2671, and 38 U.S.C. § 7365, and as such were acting within the scope of their employment.

6.     At the times of the medical treatment described herein, Plaintiff was a resident of Lexington County, South Carolina.

7.     Plaintiff timely submitted a Claim for Damages (commonly referred to as a Standard Form 95) to the VA.  (Exhibit A).

8.     On July 30, 2015, United States denied Plaintiff's claim.  (Exhibit B).

9.     Plaintiff has exhausted the administrative remedies as required under the FTCA, thereby authorizing Plaintiff to file this action, 28 U.S.C. § 2675.

10.     Venue is proper in this Court under 28 U.S.C. § 1346(b)(1) because the acts and/or omissions complained of herein occurred in whole or in part in Richland County, South Carolina, which is within the Columbia Division of the United States District Court for the District of South Carolina.

11.     Liability is additionally determined in accordance with the state laws in the place of occurrence (*i.e.,* the State of South Carolina), federal laws and regulations, patient's bill of

rights, and other, where these acts and/or omissions occurred.  28 U.S.C. § 1346; *Richards v. U.S.*, 369 U.S. 1, 11-13 (1962).

## GENERAL AND FACTUAL ALLEGATIONS

12.    Plaintiff realleges the above paragraphs as if fully set forth herein.

13.    Plaintiff has complied with all conditions precedent under the FTCA and 28 U.S.C. 2675 including, without limitation, compliance with all pre-suit notice of claim requirements.

14.    Upon information and belief, at all times pertinent herein and currently, the physicians and staff at Dorn VA Medical Center providing services to Plaintiff related to this matter, are or were at the time employees of the VA.

15.    Plaintiff presented to Dorn VA Medical Center on January 24, 2013 for pain, weakness, and reduced range of motion in his right shoulder.

16.    On or about March 13, 2013, Plaintiff's treating physician at Dorn VA Medical Center, James Elmore, MD, referred Plaintiff for an orthopedic consult.

17.    Plaintiff was thereafter seen by Dr. John Chu, an orthopedist at Dorn VA Medical Center, who diagnosed and treated Plaintiff for a rotator cuff tear, including performing a right shoulder arthroscopy with biceps tenodesis and rotator cuff repair surgery on May 31, 2013.

18.    On or about September 16, 2013, Dr. Chu noted continued weakness in Plaintiff's right shoulder.  He considered a differential diagnosis of proximal plexus nerve injury and ordered an MRI of the right shoulder for further evaluation of Plaintiff's symptoms.

19.    The MRI was performed by the VA on November 4, 2013.  The MRI scan showed but the radiologist failed to note severe deltoid changes of atrophy and fat striping and moderate fat striping of the supraspinatus and infraspinatus.

- 3 -

20.     On January 3, 2014, Dr. Chu again saw the Plaintiff, who continued to complain of problems in his right shoulder.  At that visit, Dr. Chu reviewed the November 4, 2013 MRI scan and/or the report from that scan (but failed to note severe deltoid changes of atrophy and fat striping and moderate fat striping of the supraspinatus and infraspinatus) and ordered an EMG study of Plaintiff's right shoulder due to possible axillary nerve injury.

21.     On February 11, 2014, in light of Plaintiff's EMG findings, Dr. Chu requested a neurology consult based on a provisional diagnosis of "possible brachial plexus injury".

22.     On April 30, 2014, Plaintiff saw Dr. Demerise O. Minor, a neurosurgeon at Dorn VA Medical Center, for an examination and consultation.  Dr. Minor referred Plaintiff to a right upper extremity injury specialist for brachial plexopathy.

23.     A referral for Evaluation and Recommendations to a Non-VA Care Ortho Surgical Service was requested because Dorn VA Medical Center did not provide the required service requested by Dr. Minor.

24.     Defendant completed its review of the Consult Request to a Non-VA Neurosurgery on or about October 30, 2014, and an appointment was scheduled for Plaintiff for December 3, 2014 for an evaluation and recommendation by a non-VA neurosurgeon.

25.     Plaintiff was ultimately seen by a non-VA neurosurgeon and was diagnosed with a brachial plexus injury which, due to its age and Defendant's delays in diagnosis, treatment, and referral, is no longer amenable to surgical treatment.

26.     Due to the VA medical providers' deviation from the applicable standard of care in failing to diagnose and treat a brachial plexus injury in a timely fashion, Plaintiff suffered permanent damage and impairment to his right upper extremity.

27.     All actions and/or omissions by doctors, nurses, technicians, agents, employees and/or staff who attended to Plaintiff were performed in the scope of their employment and under the direction and control of Dorn VA Medical Center in Columbia, South Carolina.

28.     The expert opinion of David S. Bailie, M.D., who has opined that Defendant deviated from the applicable standard of care with respect its medical treatment of Plaintiff – is attached hereto and incorporated herein by reference.  (Exhibit C).

29.     The injuries and damages Plaintiff sustained are permanent in nature and will continue into the future thereby resulting in pain and suffering, disability, physical impairment, disfigurement, mental anguish, loss of the capacity to enjoy life, and loss of enjoyment of life.  In addition, Plaintiff has incurred and will incur expenses for hospitalization, medical care, and future medical care, as well as other damages for which recovery is permitted.

## NEGLIGENCE CLAIM

30.     Plaintiff realleges the above paragraphs as if fully set forth herein.

31.     The physicians and staff of Dorn VA Medical Center owed Plaintiff a duty to provide that standard of care, skill, and treatment which in light of all relevant surrounding circumstances is recognized as acceptable and appropriate by reasonably prudent similar health care providers.  This included the duty to timely diagnose his condition and to provide and/or to arrange proper, timely treatment.

32.     The physicians and staff of Dorn VA Medical Center breached this duty and deviated from the applicable standard of care by rendering care and treatment that was below the standard of care including, without limitation, failure to diagnose, failure to provide proper, timely treatment of Plaintiff's injuries, provision of improper treatment for Plaintiff's injuries, and failure to refer Plaintiff for treatment of his injuries by non-VA medical providers in a timely

manner.  Plaintiff incorporates by reference Dr. Bailie's affidavit (Exhibit C) for further specifics regarding Defendant's deviations from the standard of care.

33.    As a direct and proximate result of these deviations of the standard of care, Plaintiff's condition deteriorated and Plaintiff is no longer a candidate for treatment that probably would have provided him with relief from his condition, will have to undergo extensive medical procedures and rehabilitation, and has suffered the damages described above.

34.    Defendant is liable for the deviations from the standard of care by and the negligence of the physicians and staff at the Dorn VA Medical Center and those providing medical services to Plaintiff under its direction.

**WHEREFORE,** Plaintiff demands judgment against Defendant for such amount of actual and consequential damages as the Court may find, the costs of this action, and any other such relief the Court deems just and proper.

## CERTIFICATE OF COUNSEL

Undersigned counsel certifies that a reasonable investigation gave rise to a good faith belief that grounds exist for an action against the Defendant named herein.

PETERS, MURDAUGH, PARKER,
   ELTZROTH & DETRICK, P. A.


By:    /s/ Bert G. Utsey, III
       Bert G. Utsey, III, Esq.  (Fed ID#1045)
       123 Walter Street
       P.O. Box 1164
       Walterboro, SC 29488
       (843)549-9544
       butsey@pmped.com

       ATTORNEYS FOR PLAINTIFF

January 18, 2016
Walterboro, South Carolina